Filed 4/15/15  P. v. Montes CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  The opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050162 |
| v. | (Super. Ct. No. 13CF0888) |
| PEDRO MONTES, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Thomas A. Glazier, Judge.  Affirmed.

Richard L. Fitzer, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*        \*        \*

A jury convicted Pedro Montes of possessing cocaine base for sale and found he committed the offense for the benefit of, at the direction of, or in association with the Townsend Street criminal street gang. In February 2014, the trial court imposed an 11-year prison term. Montes's appointed counsel filed a brief under the procedures outlined in *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Counsel summarized the facts and procedural history of the case, and cited possible legal issues, but raised no specific issues, and asked this court to review the record to determine whether there were any arguable matters. Counsel submitted a declaration stating he reviewed the entire record. Counsel advised Montes he would soon file a *Wende* brief, provided him a copy of the brief and the appellate record, and advised Montes he could personally file a supplemental brief on his own behalf raising any issues he believed worthy of consideration. Counsel did not argue against his client or assert the appeal was frivolous. He did not move to withdraw as counsel but advised Montes he could ask the court to relieve him as counsel. We gave Montes 30 days to file a supplemental brief, but he has not responded. We have reviewed the record, found no arguable issues, and therefore affirm the judgment.

FACTS AND PROCEDURAL HISTORY

The Orange County District Attorney filed a criminal complaint alleging that on March 17, 2013, Montes possessed cocaine base for sale (Health & Saf. Code, § 11351.5) and committed the offense to benefit the Townsend Street criminal street gang (Pen. Code, § 186.22, subd. (b); all statutory citations are to the Penal Code unless otherwise specified). The complaint also alleged Montes suffered a prior conviction in February 2013 for possessing a weapon in a school zone to benefit his gang and that it qualified as a prior conviction under the Three Strikes law (§§ 667, subds. (d) & (e), 1170.12, subds. (b) & (c)(1)) and also triggered a five-year enhancement under section 667, subdivision (a)(1).

2

On August 5, 2013, the trial court conducted a hearing with Montes and his appointed lawyer pursuant to *People v. Marsden* (1970) 2 Cal.3d 118. The court denied the motion to relieve counsel, explaining counsel was acting in a reasonably competent manner.

The court conducted a preliminary hearing and held Montes to answer the charges. The district attorney filed an information identical to the complaint on September 18, 2013.

At trial, Santa Ana Detective Gerardo Zuniga testified around 10:00 p.m. on the evening of March 17, 2013, he and Detective Salo drove a patrol car with its headlights off north on Townsend Street when they spotted Montes and Jesus Verduzco near a wrought iron fence. Both men turned to look up and down the street. Verduzco grabbed Montes, the men ducked, and then ran in different directions. Montes tossed a small orange object into some bushes and continued running. Zuniga detained Montes and recovered the object, a small orange pill bottle containing 20 or more wafer-like pieces of cocaine base (rock cocaine) totaling 832 milligrams. The pieces would sell for $5 to $20 depending on size.

Verduzco had a $10 bill, a $5 bill, and 15 $1 bills on his person. Neither man had paraphernalia to use the cocaine or appeared to be under the influence. Although Montes denied any knowledge of the drugs, he admitted belonging to Townsend Street, a criminal street gang, and his nickname was Snaps. He also admitted Townsend Street sold drugs to make money.

Zuniga opined Montes possessed the cocaine for sale based on the number of pieces and his belief Montes and Verduzco were working in tandem, evidenced by their furtive behavior and fleeing together when they saw the officers. Zuniga also noted the absence of drug paraphernalia or evidence the men were under the influence, prior arrests of Townsend Street gang members selling similar amounts of cocaine base, and their presence in a high narcotics sales area. Zuniga also opined Montes was an active

3

Townsend Street gang member based on his admissions and prior activity, and explained the Townsend Street gang benefitted from selling base cocaine because the gang would use the money to purchase weapons, "put money on the books" for incarcerated gang members, pay "taxes" to stay in good standing with the Mexican Mafia, and to facilitate gang meetings. Gang members also gained respect by "putting [in] work or proving themselves to the gang by being out there risking" apprehension in service to the gang.

The court denied Montes' motion for acquittal (§ 1118.1) on the gang enhancement at the close of the prosecution's case. Montes elected not to testify, and the jury convicted him as noted above.

In May 2014, the court found Montes suffered a serious felony conviction as alleged under the Three Strikes law (§§ 667, subds. (b)-(e), 1170.12, subds. (b)-(c)) and section 667, subdivision (a). The court stated it had read the probation report and materials furnished by the defense. It found Montes statutorily ineligible for probation (§ 667, subd. (c)(2)), but stated it would deny probation in any event because Montes was on probation when he committed the current crime. The court imposed an 11-year prison term, comprised of the three-year mitigated term, doubled to six years under the Three Strikes law, plus a five-year enhancement under section 667, subdivision (a). The court struck punishment for the gang enhancement (§ 186.22, subd. (g)), explaining it was an unusual case and striking the punishment served the interests of justice.

The court stated it selected the mitigated term and struck punishment on the gang enhancement because Montes had not previously served time in prison. The court also noted the crime did not involve a weapon or violence, and the prison sentence "will be a significant and substantial increase to the most recent local jail commitment that [Montes] had received previously." The court declined to strike the Three Strikes law prior conviction. (*People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497; § 1385.) The court found Montes violated probation in the prior case, imposed a four-year sentence in that case, and directed Montes to serve the sentences concurrently with each

4

other.  The court imposed various fines and fees, directed him to register as a narcotics offender (Health & Saf. Code, § 11590) and a gang offender (§ 186.30), and ordered him to provide a DNA sample (§§ 296, 296.1).  The court awarded custody credits of 852 days (426 actual days and 426 conduct).  Finally, the court notified Montes of his parole obligations and his right to appeal.


DISCUSSION

Following the *Wende* guidelines, we have reviewed counsel's brief and the entire appellate record and discern no arguable issue.  This includes counsel's suggestion we consider whether the trial court properly admitted expert opinion testimony that Montes possessed the drugs for sale, the offense benefitted the Townsend Street criminal street gang, and there was sufficient evidence to support the section 186.22, subdivision (b) enhancement.  Montes has not availed himself of the opportunity to file a supplemental brief (*People v. Kelly* (2006) 40 Cal.4th 106, 111 [appellate court must address issues raised personally by appellant in a *Wende* proceeding]), nor has he requested to have appellate counsel relieved.  Consequently, we affirm the judgment. (*Wende, supra,* 25 Cal.3d at p. 443.)

DISPOSITION

The judgment is affirmed.


                                        ARONSON, J.

WE CONCUR:


O'LEARY, P. J.


IKOLA, J.